UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM COX,<br>    Plaintiff | )<br>)<br>) |
| v. | )  C.A. # 13-10379-FDS |
| MASSACHUSETTS DEPARTMENT OF<br>CORRECTION; et al,<br>    Defendants | )<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Now comes William Cox and respectfully requests that this Honorable Court provide the following instructions to the jury. Mr. Cox also requests leave to file additional instructions as may become appropriate during trial.

Supervisory Liability

A supervisory official is liable for the acts of his subordinates only if the supervisor ether encourages the misconduct or in some other way directly participated in it. At a minimum, the plaintiff must show that the defendant at least authorized or knowingly acquiesced in the constitutional violation.

Supervisory liability can be found if the supervisory official either (1) set in motion a series of acts by his subordinate; or (2) knew that his subordinate would disregard a substantial risk of harm or (3) knowingly prevented his subordinate from disregarding a substantial risk of harm to the Plaintiff. See Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) ("Although Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, supervisory officials may be liable on the basis of their own acts or omissions. . . . [including supervising] with deliberate indifference

toward the possibility that deficient performance of the task may contribute to a civil rights deprivation.")

The supervisors' participation can include his "own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011) (internal citations omitted).

### Willful Blindness

Officials notified of a risk can be held liable even if he did not know the details of the risk. "'A party that willfully blinds itself to a fact . . . can be charged with constructive knowledge of that fact.' United States v. Baxter Int'l, Inc., 345 F.3d 866, 902 (11th Cir. 2003). Choosing to deliberately disregard, without any investigation or inquiry, [information] amounts to willful blindness." Goebert v. Lee County, 510 F.3d 1312, 1328 (11th Cir. 2007); Velez v. Johnson, 395 F.3d 732, 736 (7th cir. 2005) (officer notified of risk could be liable even if he did not know details of risk otherwise "would essentially reward guards who put their heads in the sand by making them immune from suit").

"While the obviousness of a risk is not conclusive and a prison official may show that the obvious escaped him, see infra, at 1982, he would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist (as when a prison official is aware of a high probability of facts indicating that one prisoner has planned an attack on another but resists opportunities to obtain final confirmation;  or when a prison official knows that some diseases are communicable and that a single needle is being used to administer flu shots to

prisoners but refuses to listen to a subordinate who he strongly suspects will attempt to explain the associated risk of transmitting disease).   When instructing juries in deliberate indifference cases with such issues of proof, courts should be careful to ensure that the requirement of subjective culpability is not lost.   It is not enough merely to find that a reasonable person would have known, or that the defendant should have known, and juries should be instructed accordingly." Farmer v. Brennan, 511 US 825, 843 n.8 (1994).

      Title II – Inmate Assistance

      Prisons must provide such services as are necessary to afford an individual with a disability an equal opportunity to participate in prison programs and activities. Further to be a reasonable accommodation, it must provide the inmate with "meaningful access." Thus, the law is clear that the accommodation provided by Defendants must be what provides meaningful access. There is no inquiry into whether the inmate is able to find meaningful access on his own by his own resourcefulness.
Tennessee v. Lane. 541 U.S. 509 (2004).

      PLRA Application to Title II

      Finally, Mr. Cox renews his objection to the PLRA cap on damages as to his Title II claim. Mr. Cox seeks an instruction that the jury can compensate him for the value of the concrete losses Mr. Cox suffered in being excluded from programs, services, and activities. As such, Cox seeks damages for what happened to him in reality, not what was going on in his head. Aref v. Lynch, 833 F.3d 242, 264 (D.C. Cir. 2016); Kerman v. City of New York, 374 F.3d 93, 128 (2d Cir. 2004) (holding a plaintiff is "entitled to be compensated for [his] loss of liberty" "independently of his claims of physical, mental, emotional, or economic injury").

In additional, Cox maintains that certain constitutional violations alleged need not show a physical or emotional injury in order to be cognizable damages claims under the PLRA. <u>Siggers-El v. Barlow</u>, 433 F Supp 2d 811 (ED Mich. 2006) (holding 42 USCS § 1997e(e) was unconstitutional as applied to bar prisoner's claim for mental and emotional damages, in absence of physical injury, based upon prison official's violation of prisoner's First Amendment rights); <u>Shidler v Moore</u>, 409 F Supp 2d 1060 (N.D. Ind. 2006) (prisoner's First Amendment free exercise of religion claim; therefore, allegations that prisoner was not allowed to take part in communal worship while housed in two of prisons several housing units stated claim for monetary damages).

        Respectfully Submitted,
        WILLIAM COX
        By His Attorneys,

        /s/ Rosemary Curran Scapicchio
        Rosemary Curran Scapicchio
        107 Union Wharf
        Boston, MA 02109
        BBO # 558312
        (617) 263-7400
        Scapicchio_attorney@yahoo.com

        /s/ Amy L. Codagnone
        Amy L. Codagnone
        107 Union Wharf
        Boston, Massachusetts 02109
        (857) 265-2166
        Codagnone.Attorney@gmail.com
        BBO # 679716

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated: <u>March 9, 2017</u>　　　　　　　　　Signed: <u>/s/ Amy Codagnone</u>