# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM COX, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-10379-FDS |
| MASSACHUSETTS DEPARTMENT OF CORRECTION, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO CORRECT AMENDED JUDGMENT

**SAYLOR, J.**

This is an action brought by a mentally-disabled state prisoner asserting claims under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff William Cox brought this action against defendant Department of Corrections ("DOC") contending that he was the victim of discrimination on the basis of disability. Among other things, Cox contended that he was denied adequate access to (1) procedures to obtain medical care, (2) procedures to report and resolve grievances, (3) procedures to report physical or sexual assaults, and (4) use of telephones. After a trial, a jury found in his favor on those claims, and awarded him money damages.[1] The jury also awarded pre-judgment interest.

Cox then moved for an order awarding attorneys' fees, litigation costs, and other expenses pursuant to 42 U.S.C. § 12205. On May 10, 2019, that motion was granted in part and

---

[1] Cox sought both money damages and injunctive relief in this proceeding. At the March 2019 hearing on the motion for costs and attorneys' fees, the parties reported that they have reached a settlement as to the form of injunctive relief.

denied in part.

On May 16, 2019, the Court entered judgment in favor of Cox against the DOC in the amount of $201,000, plus attorneys' fees in the amount of $405,077.50 and $5,039.37 in costs. The Court furthered ordered that post-judgment interest would accrue at the rate of 2.32% per annum. The Court, however, neglected to include the pre-judgment interest.

On June 11, 2019, Cox moved to correct a clerical error in the judgment, pursuant to Fed. R. Civ. P. 60(a). He requested that the Court correct the judgment to reflect the jury's award of pre-judgment interest.

On June 12, 2019, the Court granted the motion to correct, and entered an amended judgment with the additional award of pre-judgment interest, calculated from the date of filing of the complaint until the date of the judgment, at an interest rate of 2.32%.

On July 19, 2019, 64 days after the entry of judgment, and 37 days after the entry of amended judgment, the DOC filed the present motion to correct the amended judgment pursuant to Fed. R. Civ. P. 60(a). As ground for that motion, it contends, as it did at the charge conference before the jury was instructed at the close of the trial, that the Commonwealth is immune from pre-judgment interest under the doctrine of sovereign immunity.

Rule 60(a) provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60.

Rule 59(e) provides that a party may file a motion "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59.

Here, whatever the merits of the DOC's sovereign immunity argument may be, the

motion to correct the amended judgment to find it not liable for pre-judgment interest is not properly brought under Rule 60(a). The motion does not seek to correct a "clerical mistake or a mistake arising from oversight or omission," but rather to correct what it alleges to be a legal error. Such a motion could have been brought as a timely motion to amend a judgment under Rule 59(e), but was not. *See Scola v. Boat Frances, R., Inc.*, 618 F.2d 147, 153 (1st Cir. 1980) ("The error made by adding pre-judgment interest to the verdict was one which defendant could have reached not only on the appeal from the judgment but also by a timely motion in the district court under Rule 59(e) to alter or amend the judgment . . . . The error, as one of law, could not be corrected out of time under Rule 60(a)."); *see also United States v. Hall*, 463 F. Supp. 787, 791 (W.D. Mo.), *aff'd*, 588 F.2d 1214 (8th Cir. 1978) ("Defendant may not avoid the time limitation imposed by Rule 59(e) by filing his motion pursuant to Rule 60[].").

The motion to correct the amended judgment is accordingly DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: July 26, 2019     United States District Judge

3