# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM COX, | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. |
| v. | ) 13-10379-FDS |
| MASSACHUSETTS DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTION TO RECONSIDER

**SAYLOR, J.**

This is an action brought by a mentally-disabled state prisoner asserting claims under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff William Cox brought this action against defendant the Massachusetts Department of Corrections ("DOC") contending that he was the victim of discrimination on the basis of disability. Among other things, Cox contended that he was denied adequate access to (1) procedures to obtain medical care, (2) procedures to report and resolve grievances, (3) procedures to report physical or sexual assaults, and (4) use of telephones. After a trial, a jury found in his favor on those claims, and awarded him money damages.[1] The jury also awarded pre-judgment interest.

Cox then moved for an order awarding attorneys' fees, litigation costs, and other

---

[1] Cox sought both money damages and injunctive relief in this proceeding. At the March 2019 hearing on the motion for costs and attorneys' fees, the parties reported that they reached a settlement as to the form of injunctive relief.

expenses pursuant to 42 U.S.C. § 12205.  On May 10, 2019, that motion was granted in part and denied in part.

On May 16, 2019, the Court entered judgment in favor of Cox against the DOC in the amount of $201,000, plus attorneys' fees in the amount of $405,077.50 and $5,039.37 in costs. The Court furthered ordered that post-judgment interest would accrue at the rate of 2.32% per annum.  The Court, however, neglected to include the award of pre-judgment interest.

On June 11, 2019, Cox moved pursuant to Fed. R. Civ. P. 60(a) to correct the judgment to reflect the jury's award of pre-judgment interest.  On June 12, 2019, the Court granted the motion, and entered an amended judgment with the additional award of pre-judgment interest, calculated from the date of filing of the complaint until the date of the judgment, at an interest rate of 2.32%.

On July 19, 2019, 64 days after the entry of judgment, and 37 days after the entry of amended judgment, the DOC filed a motion to correct the amended judgment pursuant to Fed. R. Civ. P. 60(a).  As ground for that motion, it contended that the Commonwealth is immune from *post*-judgment interest under the doctrine of sovereign immunity.  The Court, however, erroneously understood the DOC's contention to be that the Commonwealth was immune from *pre*-judgment interest.  On July 26, 2019, based in part on that misunderstanding, the Court denied the DOC's motion.

On July 31, 2019, the DOC filed the present motion to reconsider pursuant to Fed. R. Civ. P. 60(a).  Rule 60(a) provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a).

The DOC contends that "[u]nlike pre-judgment interest awarded by the jury, post-judgment interest was never the subject of discussion in this litigation, and required no legal analysis or judicial rulings," and that post-judgment interest was automatically included in the judgment "as a matter of course, as it is in all civil actions," pursuant to 28 U.S.C. § 1961.[2] And it further contends that because the inclusion of post-judgment interest was "by federal statute automatic," or an "unconditional statutory right," it was therefore a ministerial, not a discretionary, act, and thus correctable under Rule 60(a). *See Scola v. Boat Frances R., Inc.*, 618 F.2d 147,153 (1st Cir. 1980); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1141 (2d Cir. 1994).

In the alternative, the DOC has moved for relief from the amended judgment under Fed. R. Civ. P. 60(b). Rule 60(b) provides, in relevant part, that

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; [or]
>
> . . .
>
> (4) the judgment is void . . . .

Fed. R. Civ. P. 60(b).

The DOC first contends that the inclusion of post-judgment interest against the Commonwealth is "void ab initio, and correctable under Fed. R. Civ. P. 60(b)(4)." It specifically

---

[2] That statute provides, in relevant part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment . . . and shall be compounded annually.

28 U.S.C. § 1961(a), (b).

3

contends that the award of post-judgment interest against the Commonwealth was void, because the Court "has no authority to award post-judgment interest against the government in the absence of an express waiver of sovereign immunity." *See United States v. Alcea Band of Tillamooks*, 341 U.S. 48, 49 (1951) ("It is the traditional rule that interest on claims against the United States cannot be recovered in the absence of an express provision to the contrary in the relevant statute or contract."); *Onofrio v. Department of Mental Health*, 411 Mass. 657, 659, 660 n.5 (1992) ("General Laws c. 235, § 8 (1990 ed.),which provides that every judgment shall include postjudgment interest, does not apply to claims against the Commonwealth.") (citing *C & M Constr. Co. v. Commonwealth*, 396 Mass. 390, 392-93 (1985)).[3] The DOC further contends that the inclusion of post-judgment interest against the Commonwealth is "the result of inadvertence or mistake correctable under Fed. R. Civ. P. 60(b)(1)."

Plaintiff responds that the issue of whether sovereign immunity was abrogated for post-judgment interest on an ADA award is a legal, not a clerical, judgment, and therefore the DOC's request is not properly brought under Rule 60(a) (and not timely under Rule 59(e)); and, even if such a request were timely, such that the Court could address the merits, the Eleventh Amendment does not bar interest on an award against the state pursuant to the ADA to compensate for a delay in payment.

On balance, and while there appears to be at least one case where a federal court awarded

---

[3] The DOC further contends that the judgment is void because

> [t]here can be execution levied on the award of post-judgment interest against the Commonwealth as provided by the very terms of 28 U.S.C. § 1961(a), which states, "Execution [on post-judgment interest] may be levied by the [federal] marshal in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments in the courts of the state." 28 U.S.C. §1961(a). In the Commonwealth of Massachusetts, the state courts may not levy post-judgment interest on the Commonwealth.

(Def. Mem. in Supp. at 4) (Massachusetts citations omitted).

post-judgment interest in a civil rights action against a Massachusetts municipality, the Court finds the authority cited by the DOC to be persuasive. *See Paddington Partners*, 34 F.3d at 1141; *Chapman v. University of Massachusetts Med. Ctr.*, 423 Mass. 584 (1996); *Dinsdale v. Commonwealth*, 39 Mass. App. Ct. 926 (1995). *But see Foley v. City of Lowell*, 948 F.2d 10, 22 (1st Cir. 1991) (awarding plaintiff post-judgment interest on § 1983 claim against the City of Lowell, Massachusetts without discussing Eleventh Amendment issue). Post-judgment interest may not be awarded against the Commonwealth or its agencies, and the inclusion of such interest in the judgment was a clerical error. Because it is a clerical error, it is correctable under Rule 60(a).

Accordingly, and upon reconsideration, the Court will grant the DOC's motion to correct the clerical error of inclusion of post-judgment in the amended judgment under Fed. R. Civ. P. 60(a). It need not reach the question of whether the issue may be addressed pursuant to Rule 60(b).

Accordingly, the motion to reconsider is GRANTED, to the extent it seeks to amend the judgment to eliminate the award of post-judgment interest. A second amended judgment will be entered contemporaneously with this memorandum and order.

**So Ordered.**

Dated: September 10, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge